57   239
166  128

MARTIN ANDREWS

*v.*

THE CITY OF CHICAGO.

1. SPECIAL ASSESSMENTS *in Chicago—validity of ordinance in that regard.* An ordinance providing for a special assessment for certain improvements in the City of Chicago, ordered that the improvements be made, excepting

such portions thereof as had been already made in a suitable manner, the work to be done under the superintendence of the board of public works; but neither the ordinance nor any of the proceedings in any way defined what portion of the work had been before done in a suitable manner: *Held*, the ordinance was void.

2. SAME—*certificate of publication.* A certificate of publication of the notice of making a special assessment by the board of public works in the City of Chicago, or that of the application for confirmation thereof by the common council, is fatally defective if it fails to state the date of the first and last papers containing the notice, or something equivalent thereto.

APPEAL from the Superior Court of Chicago; the Hon. JOSEPH E. GARY, Judge, presiding.

The opinion sufficiently states the case.

Messrs. SPAFFORD, McDADE & WILSON, for the appellant.

Mr. M. F. TULEY, for the appellee.

Mr. JUSTICE McALLISTER delivered the opinion of the Court:

This was a suit upon a warrant for the collection of a special assessment, for the paving of Chicago Avenue, from the east line of Clark street to the east line of block 53, Kinzie's addition. The ordinance ordered that portion of said street to be curbed with curb stones, filled, graded and paved with wooden blocks, excepting such portions of the above described work which have been already done in a suitable manner; said work to be done under the superintendence of the board of public works.

What portion had been already done in a suitable manner was in no way defined. Appellant, having made the proper objections to judgment, introduced in evidence all of the proceedings, certified by the city clerk, from which it appears that the same exception was contained in the assessment roll, the oath of the commissioners, and other proceedings; and that the certificate of publication of the notice of the time and place of

making the assessment, as well as of notice of application to the council, for confirmation, was thus: " This certifies that the appended corporation notice has been published in the Chicago Republican, the corporation newspaper of the city of Chicago, county of Cook and State of Illinois, six days consecutively, (excepting Sundays and holidays), commencing with Wednesday, August 25th, 1869."

We have repeatedly held, at this term, that such an ordinance was void, and that such a certificate of publication of notices, which were indispensable to the validity of the proceedings, was not in compliance with the statute requiring the date of the first and last papers containing the notice, to be stated.   It is unnecessary here to re-open the discussion of these questions.

The judgment of the court below must be reversed and the cause remanded.

*Judgment reversed.*